UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08 B 35319 |
| SHANTELLAS D. VEAL, ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | Judge Pamela S. Hollis |

## MEMORANDUM OPINION

On March 14, 2011, Marilyn O. Marshall (the "Trustee"), the Chapter 13 trustee, filed the instant motion to modify the Chapter 13 plan (the "Motion") of Shantellas D. Veal (the "Debtor") pursuant to 11 U.S.C. § 1329. For the reasons set forth herein, the Trustee's Motion is granted, in part, and the Debtor shall pay to the Trustee $1,250 which will be distributed to general unsecured creditors as a dividend.

## FACTS AND BACKGROUND

The Debtor filed a petition for Chapter 13 bankruptcy on December 29, 2008. The Debtor proposed a plan (the "Plan") which sought to pay general unsecured creditors approximately 10% on their claims. The Plan was confirmed on June 8, 2009. On March 7, 2011, the Debtor filed a motion for damages for violation of the automatic stay pursuant to 11 U.S.C. § 362(k) against Americash Loans, LLC ("Americash"). The motion alleged that the Debtor owed a pre-petition debt to Americash and that the Debtor's counsel faxed notice of the bankruptcy to Americash on January 26, 2011. Despite acknowledging receipt of the notice, the motion alleged that Americash continued throughout February 2011 to attempt to collect on its pre-petition debt and stated that it would seek to garnish the Debtor's wages. On March 14, 2011, the court granted the Debtor's motion and awarded actual damages including attorneys' fees in the amount

of $495 and $5,000 in punitive damages. That same day the Trustee filed this Motion to include the punitive damages award in the Debtor's Plan.

On May 2, 2011, the Debtor filed amended Schedules B and C listing the $5,000 punitive damages award on Schedule B as cash on hand and asserting her remaining wildcard exemption on the punitive damages award in the amount of $3,750 pursuant to 735 ILL. COMP. STAT. 5/12-1001(b). The Trustee has not filed an objection to the asserted exemption.

## DISCUSSION

Section 1329 provides that:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—
    (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan . . . .
(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.
  (2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

11 U.S.C. § 1329. The Trustee bears the burden of proving the conditions for confirmation of a modified plan over the Debtor's objection. *In re Brown*, 332 B.R. 562, 564 (Bankr. N.D. Ill. 2005). Under Seventh Circuit precedent, a proposed modification does not require a showing of change in circumstances. *In re Witkowski*, 16 F.3d 739, 746 (7th Cir. 1994). Whether to grant a proposed modification is within the discretion of the court. *Id.* at 748.

The Trustee's Motion was timely because it was made prior to completion of all payments under the Plan. Therefore, the court will turn to the merits of the Motion. The Debtor makes three arguments in opposition to the Motion. First, the Debtor argues that the Trustee's Motion does not fall within the scope of § 1329 because it does not seek to increase the amount of payments on the claims of a particular class. Second, the Debtor argues that the punitive

2

damages award is not property of the estate. Finally, the Debtor argues that even if the punitive damages award is property of the estate, at least a portion of it is exempt under Illinois law.

### A. Proper Modification

The Debtor cites *In re Walker*, 07-70358, 2010 WL 4259274 (Bankr. C.D. Ill. Oct. 21, 2010), arguing that the Trustee's Motion does not properly fall within the scope of § 1329 because it does not purport to increase or reduce the amount of payments on claims of a class. In *Walker*, the court explained that "a proposal to modify a plan simply by raising or lowering the 'base' of the plan does not comply with § 1329 because it is not a proposal to modify the plan for one of the limited purposes set forth in the statute." *Id.* at *4. The court criticized the motion because it did not specifically propose how proceeds from a personal injury settlement were to be distributed. *Id.* at *5.

What the Debtor neglects to mention is that, ultimately, the court in *Walker* granted the motion despite its defects and the debtors were ordered to turn over the non-exempt portion of the personal injury proceeds with which the trustee would pay a dividend to unsecured creditors. *Id.* at *5, *10. As in *Walker*, the Trustee's Motion will not fail simply because it seeks to raise the "base" of the plan. By issuing a dividend, payments to unsecured creditors are increased. This argument is, therefore, rejected.

### B. Property of the Estate

The Debtor next argues that the punitive damages award is not property of the estate. In bankruptcy, property of the estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This definition is expanded in Chapter 13 to include:

> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or

3

>   converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306(a). Section 1327(b) provides that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."

A number of cases have discussed the seemingly contradictory language in §§ 1306(a) and 1327(b) in determining whether post-confirmation property remains property of the estate. *See e.g. Barbosa v. Soloman*, 235 F.3d 31, 35 (1st Cir. 2000); *In re Wetzel*, 381 B.R. 247 (Bankr. E.D. Wis. 2008); *In re Nott*, 269 B.R. 250, 253 (Bankr. M.D. Fla. 2000). In some cases, the language of the confirmation order itself may resolve this issue. *See Clark v. United States (In re Clark)*, 207 B.R. 559, 562 (Bankr. S.D. Ohio 1997) (holding that language in confirmation order circumvented § 1327 and post-confirmation wages were property of the estate). This is such a case and, therefore, the court need not weigh in on the discussion. The confirmation order states that "[n]otwithstanding any provision of the plan to the contrary, all property of the estate, as specified by 11 U.S.C. §§ 541 and 1306, shall continue to be property of the estate following confirmation." The plain language of the confirmation order states that *all* property of the estate under §§ 541 and 1306 continue to be property of the estate post-confirmation. It negates the effect of § 1327 which would have property of the estate vest in the debtor at confirmation. Therefore, pursuant to the plain language in the confirmation order, the punitive damages award remains property of the estate.

The Debtor appears to argue that because the Plan as originally confirmed would have passed the liquidation test that, therefore, no reason exists to require a more substantial dividend.

4

This argument must be rejected. Certainly a reason exists to require a more substantial dividend—the Debtor has come into an additional $5,000 that was not contemplated by the Plan and which can be used to better satisfy the claims of general unsecured creditors who are set to receive 10% under the current Plan.

Therefore, the court holds that the punitive damages award is property of the estate and is properly the subject of the Trustee's Motion.

### C. Confirmation Requirements

In order to be confirmed, a plan modification must comply with §§ 1322(a), 1322(b), 1323(c), and 1325(a). 11 U.S.C. § 1329(b)(1). The Debtor has not argued that the proposed modified plan violates any of the requirements contained in those subsections. Nonetheless, the court has examined the applicable requirements and finds that the Trustee's proposed modified plan meets the applicable confirmation requirements. Particularly, it meets the good faith requirement of § 1325(a)(3), *see Brown*, 322 B.R. at 566 ("Confirming a modified plan that reflects a significant increase in available income and a commensurately increased payout to unsecured creditors comports with that good faith requirement."), and the Debtor herself admits that the proposed modification meets the "liquidation test" of § 1325(a)(4). Debtor Brief at p. 6. Therefore, the Trustee's proposed plan is confirmable.

### D. Exemption

The Debtor amended her Schedules B and C on May 2, 2011 which listed the $5,000 punitive damages award as personal property and $3,750 of that award exempt under the Illinois wildcard exemption. A debtor may amend a bankruptcy schedule "as a matter of course at any time before the case is closed." FED. R. BANKR. P. 1009(a). However, "an amendment may be

5

denied upon a clear and convincing showing of bad faith by the debtor or prejudice to the creditors." *In re Yonikus*, 996 F.2d 866, 872 (7th Cir. 1993).

Illinois has chosen to "opt out" of the federal exemption scheme and, thus, the Debtor must avail herself of the exemptions afforded by Illinois law. *Grochocinski v. Laredo (In re Laredo)*, 334 B.R. 401, 409 (Bankr. N.D. Ill. 2005). Exemptions must be liberally construed in the debtor's favor. *Id.* at 410 (citations omitted). Under Illinois law, a debtor may exempt an "equity interest, not to exceed $4,000, in any other property[.]" 735 ILL. COMP. STAT. 5/12-1001(b) (West 2011). This is known as the wildcard exemption because it allows a debtor to exempt any property up to $4,000. *See In re Meyers*, 616 F.3d 626, 628 (7th Cir. 2010).

A creditor has 30 days from the first meeting of the creditors under 11 U.S.C. § 341(a) to file an objection to a claimed exemption or 30 days after any amended or supplemental schedule is filed, whichever is later. FED. R. BANKR. P. 4003(b). "Once the period expires, creditors are out of luck even if the claim of exemption is specious." *In re Schoonover*, 331 F.3d 575, 578 (7th Cir. 2003).

The Trustee filed no objection to the Debtor's amended schedules B and C. In the Motion, the Trustee asserted that the damages were not exempt but provided no explanation or argument for that assertion. In the Trustee's response to the Debtor's objection to the Motion, the Trustee made no assertions or arguments that the punitive damages award was not exempt.

The punitive damages award is property of the estate and, as such, the Debtor is entitled to exempt the punitive damages award under 11 U.S.C. § 522(b) and 735 ILL. COMP. STAT. 5/12-1001(b). The Trustee failed to timely object to the Debtor's amended Schedules B and C and made no arguments that the Debtor is not entitled to use the wildcard exemption to exempt a portion of the punitive damages award. Therefore, the Debtor's remaining wildcard exemption

6

shall be applied to the punitive damages award, leaving $1,250 to be distributed to general unsecured creditors.

The Debtor contends that it would create absurd results to allow Americash to share in the dividend because Americash would be, in effect, paying itself damages for its bad behavior. The Debtor states that excepting Americash from such a dividend may raise concerns under 11 U.S.C. § 1322(b)(1)'s requirement that a plan not discriminate unfairly against any class. That argument need not be addressed, however, because the dividend shall be distributed to *all* unsecured creditors. Americash's windfall, if any, is *de minimis*. It will receive only a percentage of the dividend, which will be substantially reduced after deducting the Debtor's exemption and trustee's fees. The court is satisfied that the punitive damages award is sufficient to deter Americash from such automatic stay violations in the future, notwithstanding the dividend it shall receive.

## CONCLUSION

For the foregoing reasons, the court grants, in part, the Trustee's Motion. The Debtor shall be ordered to pay to the trustee $1,250 and the Trustee shall distribute that amount, minus trustee's fees, to all general unsecured creditors as a dividend.

A separate order will be issued pursuant to Federal Rules of Bankruptcy Procedure 5003 and 9021.

ENTERED:

DATE: NOV - 1 2011

PAMELA S. HOLLIS
United States Bankruptcy Judge